*65
Curia, per

O’Neall, J.
The plaintiff declared first,- for an fessault and battery committed by the defendant upon him, while sitting in his gig or chaise, by leaping upon the shaft; breaking it off, and beating and wounding him therewith; and special damages; 2nd. for a beating and wounding generally,with special damages ; 3rd. for beating and wounding generally ; 4th. for breaking the plaintiff’s gig. To this declaration the defendant pleaded the general issue, and to the first count, son assault demesne. To the general issue, the plaintiff added the similiter; to son assault demesne, he replied specially, confessing the first assault, but avoiding it by stating,that the defendant was in the said gig or chaise of the plaintiff making a great noise ; and the plaintiff upon his refusing to leave it after request made, gently laid his hands upon him to expel him, as he lawfully might, and that this is the assault pleaded; and then the plaintiff alledged a beating and wounding by the defendant, as in the first count, and averred that the same was outrageous and excessive. To this the defendant rejoined as follows.
“ And the said Allen N. says, that the said plaintiff on the day and year, and at the place above mentioned, made an assault upon the said Allen N. with an intent to beat and wound him as he has above alledged, and of this he puts himself upon the country.” To this the plaintiff demurred, and assigned for cause of demurrer, 1st. that the rejoinder did not, by apt and proper words, refer to the' replication; 2nd. that it did not answer or deny the replication ; 3rd. that it departed from it; 4th. that the rejoinder was not certain, direct and positive; 5th. that it was otherwise informal and defective. The defendant joined in demurrer, and the court below overruled it.
The plaintiff then went to trial on the other counts, the Court instructing him that, if a case was not made out, upon them, differing from that set out in the first count, the judgment for the defendant in demurrer, would preclude a recovery. *66 The jury found a verdict, on evidence which the presiding judge thought was strictly applicable to the first count, for $300 damages ; notwithstanding which, judgment of nil ca/piat was given in favor of the defendant.
The plaintiff appeals, and insists that the judgment below was erroneous ; and, even if that was right, that yet he was entitled to have judgment for his damages found by the jury.
I have bestowed a good deal of reflection on these pleadings, and think the plaintiff’s replication good, and the defendant’s rejoinder bad. The replication is in exact conformity with a precedent in 2 Chitty plead. 691. In 1 Chitt. plead. 563, the rule is stated, “if the plea be true, the plaintiff must reply specially the matter in avoidance of itand it is said, “ if the battery was outrageous, or more than was necessary for self defence, the matter should be so replied.” These rules are complied with on the present occasion. The only plausible pretence that it is defective, is that it states as the cause of tire plaintiff’s assault a matter different from that stated in the first count. In it the plaintiff is represented as sitting in the gig when the defendant made the assault — in the replication, the defendant is represented as being in the gig, making a great noise, &c. This might be a departure, if both statements could not stand together. But they admit of this construction; that the plaintiff was seated in the gig when the defendant intruded himself into it, making a great noise, &c., and would not leave it after request; and then, that the plaintiff, laying his hands upon him, put him out, upon which the defendant leaped upon the shaft, broke it, and beat the plaintiff. This makes the replication fortify and support the declaration.
The rejoinder is defective, as it does not refer by apt and proper words to the replication. The form is given in 2nd. Chitt. plead. 718, and approved precedents in pleading are to be followed. It was defective too in not traversing the facts stated in avoidance of the plea of son assault demesne.
*67 It is, if it alledges any thing properly, a mere reiteration of the plea, and cannot therefore be an answer to that which confesses and avoids it. I am, therefore, satisfied that the judgment below ought to have been in favor of the plaintiff in demurrer.
But if it was properly given for the defendant, still it was not a final judgment which could bar the plaintiff’s recovery. A judgment in special demurrer is nothing more than that the party against whom it is pronounced should plead over or amend on payment of costs; so here the effect of it was to hold the rejoinder good, which had concluded to the country— and then the plaintiff ought to have been permitted to add the similiter. On looking at the record, I find the similiter to the rejoinder is added, and therefore the record is perfect and the plaintiff is entitled to his judgment. I am, however, not prepared to hold with the judge below, that a judgment for the defendant in demurrer, as to one count in the declaration, would deprive the party of a right to judgment on a verdict found on the other counts.
The annotations of the learned editor of Saunder’s Reports, 1 Saun. 80, note 1, (Lawe vs. King,) does not justify that conclusion. In it, it will be remarked, that although he speaks of different issues, yet, he intends to speak of issues made up on several pleas to the whole case: and not when there is a plea to one count, and another plea to the whole case. In Cook vs. Sayer, (2 Burr. 749,) the general issue and statute of limitations were pleaded: verdict went for the plaintiffs on the general issue, and judgment for the defendant in demurrer on the statute. It was held very properly that, notwithstanding the verdict, the plaintiff was barred by the statute, and judgment of nil capiat was awarded. But this is not the case here. The plaintiff may, for aught that appears on the record, be barred upon the first count, and still be entitled to judgment on the others. Son assault demesne could not justify the breaking of the plaintiff’s gig, of which the 4th count complains.
Martin for the motion.
The motion to reverse the decision below is granted, an<J the plaintiff has leave to enter up judgment for his damages found by the verdict.
Gantt, Richardson apd Earle, JJ. concurred.
The following outline of his argument was kindly furnished by the appellant’s .counsel; but the peculiar form in which the case is reported, leaves no place for it ex.cept as a note.
“ The rejoinder is defective in form, (3 Chit. Plead. 1232,) and therefore bad .(Com. Dig. Abatement G. 1; 1 H. Blk. R. 1; 1 Bos. & Pul. ; 5 East 272 ; :3 Barn. & Aid. 448; 6 East 272; Gould’s Plead. 466,) on special demurrer. (1 N. & M’C. 17(.)
“ It does not completely answer the replication, which it ought to do, (3 Tom. Law. Die. 122; 4 Com. Dig. pleader; Id. Ibid. E. 1; 1 Saund. R. 28, note 3; .4 Saund. R. 62,) but departs therefrom, inasmuch as “the party deserts the ground that he took in his antecedent pleading, [son assault demesne,] and re, ports to another,” [a general assault without any specification of its nature,] (Co. Lit. 304; 2 Saund. .84,) as well as, also, that “ he puts the same facts on a pew ground in point of law.” (2 Saund. 408.) It is also vague and indefinite jn the description of the trespass.
“But the rejoinder went only to the first count, and the plaintiff had á right; ,to what he could prove under the rest; and at any rate, he should huye been allowed to plead de novo on payment of costs. (1 .N. & M’C. R. 64.”)